UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICROFILM SYSTEMS, INC.        CIVIL ACTION NO.

VERSUS                          JUDGE

GOTHAM INSURANCE COMPANY       MAGISTRATE

**COMPLAINT AND REQUEST FOR
DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Microfilm Systems, Inc. and, which with respect, represents:

**PARTIES**

1.

The following party appears herein as plaintiff:

>Microfilm Systems, Inc. ("MSI"), a Louisiana business corporation with its principal place of business in Caddo Parish, Louisiana.

2.

Made defendant herein is:

>GOTHAM INSURANCE COMPANY ("Gotham"), a foreign insurer, who is authorized to do business and issue policies in the state of Louisiana. Gotham is incorporated under the laws of the State of New York, with a principal place of business at 59 Maiden Lane, 27th Floor, New York, New York 10038.

>Gotham may be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge Louisiana, 70809.

>Gotham has also agreed that service of process may be made upon it through serving "Gotham Insurance

Company, 412 Mt. Kemble Avenue, Suite 300C, Morristown, NJ 07960, Attn: General Counsel."

## JURISDICTION AND VENUE

3.

This Honorable Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff MSI is a citizen of the State of Louisiana, while defendant Gotham is a citizen of the State of New York.

4.

This Court has personal jurisdiction over the parties, and venue is proper in this district, because Gotham issued an insurance policy that provides coverage to property located in Caddo Parish, and, following damage to said property, Gotham failed to timely and properly pay amounts due and owed under the policy to MSI in accordance with its terms and Louisiana law.  Gotham's actions also caused damage to MSI which occurred in Caddo Parish, Louisiana.

## FACTUAL BACKGROUND

5.

MSI is a company that specializes in the storage of records. Its business is operated in the warehouse located at 919 Texas Ave, Shreveport, LA 71101 ("the Warehouse").

6.

At any given time, the Warehouse contains millions of pages of records, many of which contain sensitive medical, governmental, or business documents/information.

These documents have a value to both MSI and MSI's customers, as evidenced by the fact that MSI's customers pay MSI a monthly storage fee in connection with the storage of these documents.

7.

Effective March 26, 2022 through March 26, 2023, Gotham issued insurance policy number PR202200001512 (the "Gotham Policy") to MSI, providing certain insurance coverage to the Warehouse and its contents.

8.

In early 2022, MSI hired Mid-South Fire Solutions, LLC to perform work on the Warehouse's fire suppression system.

9.

On or about September 7, 2022, Mid-South replaced sprinkler heads on the 4th floor of the Warehouse. That evening or the following morning, a sprinkler head on the 4th floor of the Warehouse malfunctioned and began improperly discharging water, ultimately flooding the Warehouse and causing extensive damage to both the Warehouse and the contents located therein, including but not limited to, the building itself, paper records, property, and equipment.

10.

MSI discovered the flooding and the discharging sprinkler head on or about the early morning of September 8, 2022, when it opened the Warehouse to allow Mid-South to continue its work.

## **CLAIMS AGAINST GOTHAM**

11.

On or about September 8, 2022, MSI notified Gotham, through its authorized agent, of the damages sustained to the Warehouse and its contents.

12.

At all pertinent times herein, Co-Action Specialty Insurance Group ("Co-Action") acted as the agent in fact and third-party administrator on behalf of Gotham. Gotham did not provide the name of any employee actually employed by Gotham itself.

13.

On September 12, 2022, Gotham, acting through Co-Action, notified MSI that a limitation applied and there was limited coverage for the paper documents which were damaged. In making this representation, Gotham, misstated and/or misrepresented the language actually affording coverage to MSI under the Gotham Policy as it pertains to valuable papers.

14.

In response to the notice of the damage to the Warehouse, Gotham also sent an adjuster to the Warehouse to inspect the damage caused by the flooding. MSI promptly made the Warehouse available to Gotham and allowed the requested inspection, such that Gotham had, or could have readily obtained, adequate proof of loss of all damages sustained to the building.

15.

On September 28, 2022, Gotham issued an advance payment in the amount of $100,000.00, constituting an unconditional tender made pursuant to the Gotham

Insurance Policy.

16.

Gotham subsequently completed a Building Estimate of Repair for the Warehouse on September 30, 2022, determining that, in its opinion, it owed MSI $221,960.20 under the Gotham Policy for damages to the Warehouse.

17.

Gotham failed to unconditionally tender its own estimation of damage to the Warehouse totaling $221,960.20 within 30 days of its agent inspecting the Warehouse and documenting the damage incurred thereto.

18.

Gotham also failed to unconditionally tender its own estimation of damage to the Warehouse totaling $221,960.20 within 30 days of its agent completed its report outlining the basis of its estimate.

19.

Gotham also failed to unconditionally tender its own estimation of damage to the Warehouse totaling $221,960.20 within 30 days of its own report being submitted for consideration internally within the company.

20.

Ultimately, Gotham tendered a check in the amount of $2,500 on November 4, 2022 for damages to valuable papers/records. On November 9, 2022, Gotham tendered a check in the amount of $370,039.37. This check included the above-referenced amount of $221,960.20, plus $258,079.17 for the payment of equipment and labor provided by

third party companies PuroClean and CRDN, subject to reductions due to a $10,000.00 deductible and Gotham's prior payment of $100,000.00.

21.

Both checks were tendered more than 30 days after adequate proof of loss was provided to Gotham regarding all amounts contained therein.

22.

During the adjusting process, Gotham sent its representative to inspect the Warehouse for a second time on or about November 4, 2022. However, Gotham failed to unconditionally tender payment for the additional damages that it identified as being covered under the policy within 30 days of its second inspection.

23.

MSI also provided receipts, invoices and other documents related to damage and expenses that were caused by or related to the flood at issue. Thereafter, in January of 2023, Gotham determined that it owed an additional $414,878.17 under the Gotham Policy. However, Gotham failed to unconditionally tender payment in the amount of $414,878.17 within 30 days after it was provided adequate proof of loss as that term is defined under Louisiana law.

24.

Thereafter, in March of 2023, Gotham unconditionally tendered additional payments totaling $135,980.12. Of this amount, $21,411.65 related to the building, while $114,568.47 related to property located within the Warehouse. However, Gotham failed to tender the above-referenced amounts within 30 days of adequate proof of loss as that term is defined under Louisiana law.

25.

In total, after accounting for MSI's deductible and non-recoverable depreciation, Gotham has determined that it is undisputed that it owed MSI $1,031,348.24 under the Gotham Policy and tendered this amount to MSI.

26.

Of the $1,031,348.24 that Gotham tendered to MSI, Gotham failed to unconditionally tender $931,348.24 within 30 days of receipt of adequate proof of loss.

27.

Moreover, much if not all of Gotham's tenders totaling $931,348.24, were not tendered within 60 days of adequate proof of loss.

28.

Gotham's actions in connection with its untimely tender were arbitrary and capricious and without proper cause.  Further, Gotham attempted to place conditions that contravene Louisiana law in exchange for payment of the above-referenced amounts.

29.

In addition to failing to unconditionally tender all undisputed amounts within 30 days of proof of loss, Gotham also acted improperly and/or in bad faith by completely refusing to cover certain items that were covered under the Gotham Policy.

30.

As the insurer that issued the Gotham Policy, Gotham is charged under Louisiana law with knowing the contents of its policy and properly interpreting and applying it when adjusting the damages incurred by an insured.

31.

Here, Gotham misquoted, misinterpreted, and/or misapplied the terms of the Gotham Policy such that Gotham attempted to improperly narrow what is covered thereunder to MSI's detriment.

32.

On September 12, 2022, Gotham stated that under the Gotham Policy "any costs related costs to the saving of the valuable information on the paper" is subject to a $2,500 limit. This is not what the Gotham Policy states.

33.

Moreover, Gotham has improperly denied coverage for, and reimbursement of, approximately $130,929.77 in actual expenses paid by MSI to CRDN in connection with protecting certain wet records from further damage. Gotham was given prompt notice of MSI need for, and intent to, incur these expenses and Gotham has refused to cover same.

34.

Gotham has also unilaterally refused to pay an additional $27,061.96 owed by MSI to CRDN in connection with labor and other remediation efforts and services that CRDN provided in connection with the water clean-up efforts at the Warehouse immediately after the flood event.

35.

As a result of Gotham's actions, MSI has had to pay CRDN out of its own pocket to avoid liens and/or a lawsuit and has not been properly reimbursed by Gotham.

36.

Gotham has also unilaterally refused to pay approximately $28,483.87 owed by MSI to PuroClean in connection with equipment, labor, and other remediation efforts and services that Puroclean provided in connection with the water clean-up efforts immediately after the flooding of the Warehouse.

37.

As a result of Gotham's actions, MSI has been threatened with liens and lawsuits in connection with the unpaid PuroClean invoices, and MSI still owes $28,483.87 to PuroClean.

38.

MSI also incurred extensive direct labor costs related to remediation and mitigation efforts as a result of the water damage at issue. This includes approximately $18,694.25 in direct labor expenses related to drying wet records deemed salvageable. This also includes approximately $64,806.75 in direct labor expenses related to the separation of wet/dry records; the loading, transport and burning of unsalvageable records; the re-boxing of wet/damaged boxes of records deemed salvageable; and the review, separation, organization, listing and data entry of salvageable records.

39.

After notice of the above identified direct labor expenses, Gotham denied coverage for drying the wet records deemed salvageable based on the valuable papers limitation in the Gotham Policy. Accordingly, MSI seeks, amongst other things, a judgment as to whether Gotham owes reimbursement in the amount of $18,694.25 in direct labor expenses that MSI incurred related to drying wet records deemed salvageable. In the

event that this amount is covered under the Gotham Policy, MSI also seeks statutory penalties, interest, and attorney's fees related to this amount.

40.

With respect to MSI's labor expense submission to Gotham in the amount of $64,806.75, Gotham offered to pay these expenses under the Gotham Policy, subject to certain terms and conditions not included in the Gotham Policy or allowed under Louisiana law. Gotham was willing to accept that it had sufficient proof of loss and pay $64,806.75 related to the labor at issue on the condition that MSI execute a full release of all possible claims against Gotham.

41.

Gotham's placement of conditions upon payment of the $64,806.75 in direct labor expenses incurred by MSI is in direct violation of Louisiana law, and is not considered an unconditional tender.

42.

After MSI's refusal to execute a full release of all claims against Gotham in exchange for payment in the amount of $64,806.75, Gotham attempted to hide its improper denial of coverage and/or bad faith acts by hiring a CPA firm to request additional information from MSI. Gotham had sufficient proof of loss prior to its hiring of the CPA firm. Regardless, Gotham owes MSI reimbursement in the amount of $64,806.75 in direct labor expenses (plus statutory penalties, interest, and attorney's fees) related to the separation of wet/dry records; the loading, transport and burning of unsalvageable records; the re-boxing of wet/damaged boxes of records deemed salvageable; and the review, separation, organization, listing and data entry of salvageable records.

43.

Relying upon language in the Gotham Policy related to the valuable papers and records, Gotham has also denied, and has represented that it will continue to deny, all expenses in excess of $2,500.00 that were incurred, or which will be incurred in the future, in connection with protecting, preserving, and/or preventing further deterioration of the records that were damaged by water during the flood at issue. Accordingly, MSI seeks a judgment from this Court interpreting the Gotham Policy and Gotham's obligations related thereto. In the event that Gotham is found to owe coverage for expenses related to protecting, preserving and/or preventing further deterioration of the records at issue under the Gotham Policy, MSI seeks a judgment awarding it all amounts necessary to protect, preserve, and prevent further deterioration up to policy limits, as well as statutory penalties, interest, and attorney's fees related to Gotham's denial of coverage.

44.

Gotham actions in adjusting MSI's claim have been arbitrary, capricious, without cause, and are in bad faith.

45.

Louisiana Law requires an insurer to unconditionally tender amounts due under the insurance policy within thirty (30) days of satisfactory proof of loss.

46.

Gotham has breached its contractual and legal duties to MSI by failing to unconditionally tender all amounts due in a timely manner.

47.

Gotham's second, third, and fourth tenders in the amounts shown above were not

unconditionally made within 30 days after satisfactory proof of loss related to same.

48.

Gotham failed to act reasonably and in good faith under the circumstances and did not act in accordance with Louisiana law governing the conduct of insurers, including Louisiana Revised Statutes 22:1892 and 22:1973, such that it owes MSI statutory penalties, attorney's fees, and costs.

49.

Gotham misrepresented pertinent facts and/or insurance policy provisions relating to the coverages at issue and denied coverage for expenses actually incurred by MSI which are covered under the Gotham Insurance Policy.

50.

Gotham failed to timely assess and determine replacement value for damage to personal property located in the Warehouse.

51.

Gotham failed to timely remit payment for building damage and personal property damage, despite MSI providing satisfactory proof of loss.

52.

Gotham failed to pay expenses actually incurred by MSI in connection with work performed by PuroClean and CRDN when said expenses are covered under the Gotham Policy.

53.

Gotham further failed in its duties to MSI by denying coverage for expenses related to the protection and preservation of records.

54.

Gotham further failed to properly adjust MSI's first-party claim under the Gotham Policy and timely pay all amounts due thereunder.

55.

While Gotham made tendered certain amounts to MSI pursuant to the Gotham Policy, Gotham did not make unconditional tenders of all undisputed amounts within 30 days of satisfactory proof of loss.

56.

Additionally and/or alternatively, while Gotham made tendered certain amounts to MSI pursuant to the Gotham Insurance Policy, Gotham did not make unconditional tenders of all undisputed amounts within 60 days of satisfactory proof of loss.

57.

In light of the actions of Gotham, MSI is entitled to statutory penalties in the amount of fifty percent of all amounts due to MSI under the Gotham Insurance Policy, plus reasonable attorney's fees and costs pursuant to Louisiana Revised Statute 22:1892. Gotham is subject to penalties on the disputed portion of MSI's claim upon proof the additional sums are owed due to Gotham's failure to timely pay the undisputed portion of the claim. See Grilletta v. Lexington Ins. Co., 558 F.3d 359, 370 (5th Cir. 2009); Kief Hardware, Inc. v. Hartford Fire Ins. Co., 16-15762, 2018 WL 2289902, at *4 (E.D. La. May 18, 2018).

58.

Alternatively, MSI is entitled to statutory penalties in the amount of two times the damages sustained by MSI pursuant to Louisiana Revised Statute 22:1973.

59.

In total, Gotham has improperly and untimely tendered $931,348.24 to MSI pursuant to the Gotham Insurance Policy. Gotham's refusal to unconditionally and timely pay MSI $931,348.24 in the manner required by Louisiana law subjects Gotham to statutory penalties in the amount of 50% of Gotham's improper/untimely tender, or approximately $465,674.12, plus attorney's fees.

60.

Gotham has also improperly refused to pay the following amounts pursuant to the Gotham policy:

| | |
|---|---|
| $130,929.77 | drying and preservation charges actually incurred by MSI to protect certain records; |
| $28,483.87 | PuroClean charges actually incurred by MSI related to remediation and mitigation of damages; |
| $27,061.96 | CRDN labor charges actually incurred by MSI related to remediation and mitigation of damages; |
| $18,694.25 | MSI's direct labor expenses related to drying wet records deemed salvageable; |
| $64,806.75 | MSI's direct labor expenses related to the separation of wet/dry records; the loading, transport and burning of unsalvageable records; the re-boxing of wet/damaged boxes of records deemed salvageable; and the review, separation, organization, listing and data entry of salvageable records. |

61.

The amounts outlined in paragraph 60 total $269,976.60. In addition to the recovery $269,976.60 for Gotham's improper refusal to tender said amounts, MSI is

entitled to statutory penalties of 50% on this amount, or approximately $134,988.30, plus interest and attorney's fees.

62.

Finally, in the event that this Court interprets the Gotham Policy and finds that Gotham's owes coverage for past and future expenses necessary to protect and preserve the damaged documents from further deterioration, MSI is entitled to the payment of all amounts necessary to do so up to policy limits, as well as statutory penalties, interest, and attorney's fees related to Gotham's denial of coverage of such amounts.

63.

In total, MSI is entitled to at least $600,662.42 in statutory penalties, plus $269,976.60 for amounts still owed under the Gotham Policy, plus any amounts up to policy limits found to be owed under the Gotham Policy for past and future expenses related to protecting and preserving the records at issue from further deterioration, plus all statutory penalties, attorney's fees, costs, and interest allowed under Louisiana law.

WHEREFORE, Plaintiff, Microfilm Systems, Inc., prays:

(a) that defendant Gotham Insurance Company be served with and cited to appear and answer this petition;

(b) that after due proceedings are had, the Court enter a judgment in favor of Plaintiff, and against Defendant, for all amounts owed under the Gotham Policy, reasonable damages, together with statutory penalties, attorney's fees, and legal interest thereon;

(c) that the costs of these judicial proceedings, including all expert witness fees and necessary expenses, be assessed against Defendant; and

(d) for all general and equitable relief available in the premises.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY


By: s/ David J. Hemken
    David J. Hemken, No. 35168
    Ashleigh B. Adams, No. 39777

333 Texas Street, Suite 1700 (71101)
P.O. Box 22260
Shreveport, LA  71120-2260
Phone: (318) 221-6277
Fax: (318) 227-7850
david.hemken@cookyancey.com
ashleigh.adams@cookyancey.com

ATTORNEYS FOR MICROFILM SYSTEMS, INC.